

Michael A. Hood (SBN 71258)
Michael.hood@jacksonlewis.com
Lina Nasry (SBN 280576)
Lina.Nasry@jacksonlewis.com
JACKSON LEWIS P.C.
5000 Birch Street, Suite 5000
Newport Beach, CA  92660
Tel:    (949) 885-1360
Fax:    (949) 885-1380

Attorneys for Defendant
SHIRE HUMAN GENETIC THERAPIES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DEBORAH TOGA, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>SHIRE HUMAN GENETIC THERAPIES, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | **CASE NO.**  2:16-cv-6561<br><br>STATE COURT CASE NO. PCO 57090<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT PURSUANT TO 28 U.S.C. § 1332(a) AND 1441(a)**<br><br>Complaint Filed:    June 3, 2016 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION AND TO PLAINTIFF DEBORAH TOGA AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Shire Human Genetic Therapies, Inc. ("Shire") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332(a) and 1441(a) to remove this action from the Superior Court of California in and for the County of Los Angeles on the grounds of diversity jurisdiction.  28 U.S.C. §§ 1332(a), 1441(a).

/ / /

The following statement is submitted pursuant to 28 U.S.C. section 1446(a):

## JURISDICTION

1.    The Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. sections 1332, 1441 and 1446 because it is a civil action between a citizen of one state and a citizen of both a different state and foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2.    Plaintiff Deborah Toga ("Plaintiff") filed a Complaint against Shire on June 3, 2016, in the Los Angeles County Superior Court, which the state court designated as Case No. PCO 57090, and set forth the following causes of action: (1) Wrongful Termination in violation of FEHA (Age and Gender Discrimination); (2) Wrongful Termination in violation of FEHA (Retaliation); and (3) Wrongful Termination in violation of Public Policy.  A true and complete copy of the Complaint is attached as Exhibit A to the Declaration of Michael A. Hood ["Hood Decl."] filed concurrently with this Notice of Removal.

3.    On June 3, 2016, the Superior Court of California, County of Los Angeles issued a Notice of All Purpose Case Assignment and Notice of Case Management Conference.  [Hood Decl., at ¶ 3 & Ex. B.]

4.    Plaintiff served Shire pursuant to California Code of Civil Procedure ("CCP") section 415.30, by providing a Notice of acknowledgement and Receipt to Defendant's counsel, along with the Summons and the Complaint on July 11, 2016 through U.S. mail.  [Hood Decl., at ¶ 4 & Ex. C.]

5.    Defendant's counsel executed to Notice of Acknowledgement and Receipt on August 1, 2016.  Thus, pursuant to CCP 415.30(c) Shire's responsive pleading was due on or before August 31, 2016.  [Hood Decl., at ¶ 5 & Ex. C.]

/ / /

/ / /

6. Defendant's counsel on August 1, 2016, served a Request for Statement of Damages. [Hood Decl., at ¶ 6 & Ex. D.] On August 17, 2016, Plaintiff's counsel filed a response, declining to provide any information. [Hood Decl., at ¶ 7 & Ex. E.]

7. The attached exhibits constitute all the pleadings and orders that have been received or filed by Defendant in this matter. [Hood Decl., at ¶¶ 2-8 & Ex. A-E]

8. Shire's first receipt of a served copy of the initial pleading upon which this removal is based – the executed Summons and Complaint – became effective on August 1, 2016. *See* California Code of Civil Procedure §415.30(c). This Notice of Removal is being timely filed because Shire has filed this Notice within 30 days after service of the pleadings from which it could first determine that this action was removable and less than one year after commencement of this action as required under 28 U.S.C. § 1446(b)(1).

## DIVERSITY JURISDICTION

9. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

10. Defendants are informed and believe, as alleged by Plaintiff in the Complaint, that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California. [*See*, Hood Decl., at Exh. A at ¶ 1.]

11. Plaintiff alleges that she is a resident of California. *Id.* For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Shire therefore is informed and believes that Plaintiff is, and was at all times relevant to this action, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a).

12. Pursuant to 28 U.S.C. section 1332 (c)(1), a corporation is a citizen of any state and foreign state in which it is incorporated in addition to the state or foreign state in which it maintains its principal place of business. Here, Shire is incorporated in and

under the laws of the State of Delaware. [Declaration of Samuel Spragins ("Spragins Decl."), filed concurrently herewith, at ¶ 2.] Moreover, Shire maintains its principal place of business in Massachusetts. [*Id*., at ¶ 3-6.]

13. The United States Supreme Court has specifically recognized a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010). In practice, a corporation's "nerve center" is generally its corporate headquarters, provided that this is the actual center of direction, control, and coordination and is not simply an office where board meetings are held. *Id*. at 1192. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id*.

14. At the time Plaintiff filed her Complaint, and currently, Shire's corporate headquarters are located in Massachusetts. [Spragins Decl., ¶ 3.]

15. Shire's corporate officers are based out of, and for purposes of citizenship, reside at its corporate headquarters in Massachusetts. [*Id*., at ¶ 4.] Shire's corporate officers are not based out of California and do not engage in primary, fundamental operations in California. [*Id*.]

16. Shire's corporate officers, based out of Massachusetts, direct, control, and coordinate Shire's services and overall business operations for its locations throughout the United States. [*Id*., at ¶ 5.]

17. The majority of Shire's employees are located in the state of Massachusetts. [*Id*., at ¶ 6.]

18. Therefore, in addition to citizenship in its incorporated state of Delaware, based upon the location of its officers and directors, Shire's "nerve center" and principal place of business establishes that Shire is a subject of a foreign state.

19. The only other defendants named in Plaintiff's Complaint merely are fictitious parties identified as "Does 1 through 10," whose citizenship must be

Case No.: 2:16-cv-6561                    4        DEFENDANT'S NOTICE OF REMOVAL
                                                                    OF ACTION

disregarded for the purpose of removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.") Thus, there are no other defendants to join in the removal of this action to this Court and complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. section 1332.

20.    Accordingly, under 28 U.S.C. section 1332 (c)(1), Shire is a citizen of the State of Massachusetts, and there is complete diversity of citizenship between the parties within the meaning of 28 U.S.C. section 1332.

## AMOUNT IN CONTROVERSY

21.    Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, for the reasons discussed below. 28 U.S.C. § 1332(a).

22.    The Complaint does not specify the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See,* 28 U.S.C. § 1446(c)(2)(a) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining….to place a specific dollar value upon its claim.") A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997).

/ / /

23.    In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees.  *See e.g.*, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met . . .").

24.    In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") *citing also Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.  *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 843, n.1 (9th Cir. 2002).

25.    Moreover, the amount in controversy may also include general and special compensatory damages and attorney's fees which are recoverable by statute.  *Galt v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998).  The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases.  *See, e.g., Simmons v. PCR Technology* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

26.    Ninth Circuit cases firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy.  *See Galt,*

*supra*, 142 F.3d at 1155-56.  Furthermore, such fees are calculable beyond the time of removal.  *Simmons, supra*, 209 F.Supp.2d at 1035.

27.    Punitive damages are also included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n* 325 F.2d 785, 787 (9th Cir. 1963); *see also, Aucina v. Amoco Oil Co.,* 871 F.Supp. 332, 334 (S.D. Iowa 1994).  In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages 'might alone' exceed the jurisdictional minimum."  *Aucina*, 871 F.Supp. at 334.

28.    Although the Complaint does not allege a specific amount in controversy, it can be readily ascertained that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Plaintiff's principal claims are for discrimination and retaliation in violation of the California Fair Employment & Housing Act, Cal. Gov't Code sections 12900, *et seq.* (the "FEHA") and California public policy. Moreover, Plaintiff's Complaint seeks (i) compensatory damages, including but not limited to past and future lost wages and benefits; (ii) damages for mental and emotional distress; (iii) payment of Plaintiff's attorney fees; and (iv) punitive and exemplary damages, among other forms of relief.  [*See* Complaint, at ¶¶ 17-20, 26-29, 33-35.]

29.    Generally, a plaintiff in a wrongful termination case is entitled to backpay. *Parker v. Twentieth Century Fox Film Cor.* (1970) 3 Cal.3d 176, 181.  This remedy is "the amount that plaintiff would have earned but for the employer's unlawful conduct." *Lowe v. California Resources Agency* (1991) 1 Cal.App.4th 1140, 1144. Specifically, under the California Fair Employment and Housing Act, lost earnings are generally calculated from the date of the adverse employment action through the date of judgment. *Cal. Govt. Code* § 12965.  Plaintiff's separation from employment was July 16, 2015,

more than one full year ago. [Declaration of Amy Shillingford ("Shillingford Decl."), filed concurrently herewith, at ¶ 2.] Assuming the case resolves a year from the date Plaintiff filed her complaint, if successful, Plaintiff would presumably seek at least two years of past earnings alone. Plaintiff's annual earnings for 2015 totaled $210,769.55. [*Id*.] If recovery of past wages is requested for two years, it can independently satisfy the jurisdictional amount in controversy requirement should she prevail.

30. A plaintiff in a wrongful termination case may also be entitled to front pay. Front pay is money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement. *Pollard v. E.I. du Pont de Nemours & Co.* (2011) 532 U.S. 843, 848. California decisions from the Fair Employment and Housing Commission generally limit damages for purported future pay losses to one to two years. *Department of Fair Emp't & Housing v. Centenial Bancorp, FEHA* (1987) precedent Decision No. 87-09 (rejecting claim for 20 years of projected compensation losses in favor of 2-year front pay award); *Department of Fair Emp't & Housing v. Smitty's Coffee Shop, FEHC* (1984) precedent Decision No. 84-25 (expressly adopting federal court view that front pay should be limited and recommending "fixed period" such as a year or two). Assuming Plaintiff were entitled to a year of front pay, she may be owed at least $169,822, based on her annual salary alone. [*Id*.]

31. Plaintiff further claims an unspecified amount of general damages, which includes emotional distress. [Complaint; Prayer for Relief]. Plaintiff has failed to state the amount of damages she seeks in this Action despite Shire's specific request that she do so. [Hood Decl., at ¶ 6-7.]

32. Again, despite Shire's vigorous denial of Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could also exceed the $75,000 jurisdictional minimum.

33. Plaintiff also claims an unspecified amount of attorneys' fees. [Complaint; Prayer for Relief]. In particular, Plaintiff's claims for violations of the FEHA allow a prevailing plaintiff to recover attorneys' fees. Cal. Gov. Code section 12965(b).

Plaintiff's attorney, Robert F. Keehn, was admitted to practice in California in 1984. *See*, California State Bar website for Mr. Keehn's information at http://members.calbar.ca.gov/fal/Member/Detail/115848. Shire's lead attorney, Michael Hood, has represented employers in employment litigation for more than 40 years in California and is familiar with fees requested by plaintiff's counsel in similar actions filed in California state and federal courts alleging violations of the FEHA and related claims. [Hood Decl., ¶ 9.] Based on Plaintiff's allegations and Plaintiff's counsel's experience, it is reasonable to expect that Plaintiff's attorney's fees to exceed the sum of $75,000 if Plaintiff were to prevail.

34. Accordingly, the allegations in her Complaint satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover at least the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship* 20 F.3d 383, 386 (10th Cir. 1994).

35. Therefore, the alleged claims, damages and fees requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. § 1332(a).

## VENUE

36. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because the state action was filed in this District and Plaintiff alleges this is the judicial district in which the action arose.

## NOTICE TO ALL PARTIES AND STATE COURT

37. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be served promptly on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. section 1446 will be followed and satisfied.

WHEREFORE, Defendants respectfully request that this action be removed from the Superior Court of the State of California for the County of Los Angeles to this Court.

Respectfully submitted,

JACKSON LEWIS P.C.

Dated:  August 31, 2016

By: _/s/ Michael Hood_
Michael Hood (SBN 71258)
Michael.hood@jacksonlewis.com
Lina Nasry (SBN 280576)
Lina.Nasry@jacksonlewis.com

Attorneys for Defendant,
SHIRE HUMAN GENETIC THERAPIES, INC.

4813-9665-4391, v. 1

Case No.:  2:16-cv-6561                    10           DEFENDANT'S NOTICE OF REMOVAL
                                                                                           OF ACTION